UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>PS TREE SERVICE, INC. and RONAN A. DE SOUZA,<br><br>    Defendants. | Civil Action No. 1:22-cv-10073 |

## **COMPLAINT**

1. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action against Defendants PS Tree Service, Inc. and Ronan A. De Souza (collectively, the "Defendants") because they failed properly to compensate their employees for all overtime hours worked, employed a minor in a particularly hazardous occupation, and did not adequately and accurately record all hours their employees worked in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2. The Secretary seeks to enjoin Defendants from violating Sections 7, 11, 12(c), 15(a)(2), 15(a)(4), 15(a)(5), and 17 of the FLSA, 29 U.S.C. §§ 207, 211, 212(c), 215(a)(2), 215(a)(4), 215(a)(5), and 217, and to recover the back wages that Defendants failed to pay to their employees, as well as liquidated damages, pursuant to Sections 15(a)(2), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 215(a)(2), 216(c), and 217.

3. This Complaint covers the time period from April 4, 2018 to at least April 4, 2021.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

## THE PARTIES

6. Plaintiff Martin J. Walsh, Secretary of Labor, Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

7. Defendant PS Tree Service, Inc. ("PS Tree") is a Massachusetts corporation with a principal office and place of business located at 42 South Shore Road, Holbrook, Massachusetts 02343.

8. PS Tree is in the business of providing tree services.

9. Defendant Ronan A. De Souza is the director and sole officer of PS Tree.

10. Defendant De Souza resides in Massachusetts and the claims against De Souza in this case arise out of De Souza's business dealings in Massachusetts.

11. De Souza has the authority to and does control the day-to-day operations of PS Tree.

12. Accordingly, De Souza is an employer of PS Tree's employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

## DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

13. At all times covered by this Complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

14. Defendants employed employees working in the activities of said enterprise, which was engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as a wood chipper.

15. Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

16. Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## DEFENDANTS' WAGE AND HOUR PRACTICES

*Defendants Willfully Failed to Pay Employees the Required Overtime Premium*

17. During the time period covered by this Complaint, Defendants willfully failed to compensate properly approximately eight employees for their overtime hours worked.

18. Specifically, Defendants failed to compensate those employees at one and one-half times the regular rates at which those employees were employed for hours worked over 40 hours in a workweek.

19. Defendants supervised the work of the employees at issue in this case.

20. Defendants determined the rates of pay for the employees at issue in this case.

21. Defendants' employees regularly worked more than 40 hours per week in workweeks covered by this Complaint.

22. For workweeks when employees worked more than 40 hours, Defendants typically paid the employees at their straight-time rates for all overtime hours worked.

23. In some instances, however, Defendants paid employees the overtime premium required by the FLSA when those employees worked more than 40 hours in a workweek.

24. Thus, Defendants were aware of their obligation to compensate employees for their overtime hours worked at no less than one and one-half times the employees' regular rates of pay, but deliberately chose not to do so on many occasions.

25. Defendants' overtime violations of the FLSA were knowing, deliberate, and/or intentional, or were done with reckless disregard for the statute.

*Defendants Employed a Minor in Oppressive Child Labor*

26. The term "oppressive child labor" in Section 12(c) of the FLSA, 29 U.S.C. § 212(c), includes the employment of minors between the ages of 16 and 18 in any occupation deemed particularly hazardous in 29 C.F.R. Part 570. *See* 29 U.S.C. § 203(l).

27. Defendants violated the FLSA's prohibition on oppressive child labor by employing a minor under the age of 18 in a particularly hazardous occupation, as defined in 29 C.F.R. Part 570.

28. Defendants employed a 17-year-old minor, D.C., from in or around March 2020 to in or around September 2020.

29. In the course of D.C.'s employment by Defendants, D.C. operated and cleaned a wood chipper.

30. D.C. also regularly held and started a chainsaw for Defendant De Souza.

31. Pursuant to 29 C.F.R. § 570.65, the operation of chainsaws and wood chippers is a particularly hazardous occupation for minors between the ages of 16 and 18.

32. Defendants therefore violated Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by allowing D.C. to operate a chainsaw or wood chipper in the course of D.C.'s employment.

*Defendants Failed to Maintain Records Required by the FLSA*

33. Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records for employees.

34. Specifically, Defendants' records failed to show adequately and accurately the hours worked by employees and the compensation paid to employees.

**COUNT ONE**
*Violations of Sections 7 & 15(a)(2) of the FLSA—Failure to Pay Overtime Premium*

35. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

36. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying the employees listed in Exhibit A the required overtime premium for all overtime hours worked.

37. Defendants employed employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which the employees were employed for all hours worked in excess of 40 hours.

38. Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A, and an equal amount of liquidated damages, under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
*Violations of Sections 12(c) & 15(a)(4) of the FLSA—Employment of a Minor in Oppressive Child Labor*

39. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

40. During the period covered by this Complaint, Defendants employed a 17-year-old minor in the particularly hazardous occupations of operating a chainsaw and a wood chipper, *see* 29 C.F.R. § 570.65, in violation of Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4).

## COUNT THREE
*Violations of Sections 11 & 15(a)(5) of the FLSA—Failure to Make & Keep Records*

41. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

42. Defendants failed to keep true and accurate records of the hours worked by and compensation paid to each of their employees in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA,

including Sections 7, 11, 12(c), 15(a)(2), 15(a)(4), and 15(a)(5), 29 U.S.C. §§ 207, 211, 212(c), 215(a)(2), 215(a)(4), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due. Additional amounts of back wages and liquidated damages may be owed to certain employees listed in Exhibit A for violations continuing after April 4, 2021, and may be owed to certain employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A;

3. For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of overtime compensation found due to Defendants' employees listed in Exhibit A;

4. In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

United States Department of Labor
Attorneys for Plaintiff

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203

Telephone: (617) 565-2500
Facsimile: (617) 565-2142

Date: January 19, 2022