UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

    v.

PS TREE SERVICE, INC. and RONAN A.
DE SOUZA,

    Defendants.

Civil Action No. 1:22-cv-10073

## CONSENT JUDGMENT AND ORDER

Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or "Act"). Defendants PS Tree Service, Inc. and Ronan A. De Souza (collectively, the "Defendants"), have received a copy of the Complaint and waived service of process. Defendants admit that they violated Sections 7, 11, and 12 of the FLSA, 29 U.S.C. §§ 207, 211, and 212.

Defendants also acknowledge assessment by the Secretary of civil money penalties, waive notice and service requirements for the issuance of those penalties, and waive exception to those civil money penalties all under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 580.1–580.18.

The Court concludes that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms.

It is therefore ORDERED, ADJUDGED, and DECREED that:

1. Defendants and their successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, or acting or claiming to act in their interest and behalf, hereby are permanently enjoined and restrained from violating the FLSA, in any of the following manners.

    a. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at rates not less than one-and-one-half times the employees' regular rates of pay.

    b. Defendants shall not, contrary to Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor, as defined in Section 3(l) of the FLSA, 29 U.S.C. § 203(l), and 29 C.F.R. Part 570, in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

    c. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in 29 C.F.R. Part 516.

    d. Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Defendants shall provide the United States Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29 C.F.R. Part 516, and shall provide access to other information necessary for the proper execution of any United States Department of Labor investigation. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

2. Further, the Court orders Defendants to pay their employees back wages and liquidated damages in the total amount of $164,245.20, as shown on the attached Exhibit A1, which is incorporated in and made a part of this Consent Judgment, and that Defendants are restrained from withholding said back wages. In addition, Defendants shall pay, jointly and severally, 1% interest on any amounts past due under this Consent Judgment.

3. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since May 15, 20 21. In resolving the amount of back wages in this Consent Judgment, the Secretary has relied on this representation and, accordingly, the back wage and liquidated damages provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since May 15, 2021.

4. The back wage and liquidated damages provisions of this Consent Judgment only cover the period from April 4, 2018 to April 4, 2021 for the individuals named in Exhibit A1, and this Consent Judgment shall have no effect upon any back wages and liquidated damages that may have accrued outside that time period or for any individual not named on Exhibit A1.

5. The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary: $82,122.60 in gross back wages, from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax; and separate payment totaling $82,122.60 in liquidated damages, none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

6. Defendants may make the back wage and liquidated damages payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payments made be made in the form of certified checks made payable to "Wage and Hour Division—Labor," and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores. Any certified check shall have Case No. 1937832 written on the face of the certified check.

7. Defendants shall make the back wage and liquidated damages payments described above within 60 days of the parties' full execution of this Consent Judgment. The Secretary will

distribute the back wages and liquidated damages to the employees in accordance with Exhibit A1.

8. In addition, Defendants shall pay, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, to the Secretary.

9. The civil money penalty portion of this Consent Judgment will be deemed satisfied when Defendants deliver $3,907.20 to the Secretary.

10. To comply with the civil money penalty payment provisions set forth above, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734516 or by going to www.pay.gov and searching "WHD CMP Payment - NE Region." Defendants also have the option to provide to the Secretary a certified check, bank check, or money order, and that check or money order shall be made payable to "Wage and Hour Division—Labor" and mailed to: United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores. Any such check or money order shall have Case Number 1937832 written on the face of the check or money order.

11. Defendants shall make the civil money penalty payment described above within 60 days of the parties' full execution of this Consent Judgment.

12. In the event Defendants fail to make payment within 10 days of any payment being due under this Consent Judgment, Defendants consent to the entry of a Writ of Execution, pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete

and accurate list of their real, personal, and business property and other assets with an estimated value of $2,000.00 or more and the locations of such property and assets for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

13. On or before 14 days from the parties' execution of this Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address and social security number (only to the extent currently known by Defendants).

14. When recovered wages or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary shall deposit the wages or liquidated damages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

15. Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment, or in any manner attempt to recover or otherwise influence any employee or former employee to forfeit any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee or former employee, Defendants shall immediately remit such amount to the United States Department of Labor at the at the following address: United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Madelyn Flores.

16. Defendants have certified that their employment practices are currently in compliance with all applicable provisions of the FLSA as interpreted by the Secretary. If this representation is determined to be false, and Defendants are found to be in violation of the FLSA, additional civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages as appropriate.

17. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

18. Nothing in this Consent Judgment precludes the Secretary from bringing any enforcement action against Defendants for any violation of the FLSA not specifically set forth in the Secretary's Complaint in this case.

19. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this 9th day of February, 2022.

_____
United States ~~District~~ Judge
Magistrate

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| FOR ALL DEFENDANTS: | FOR THE SECRETARY: |
|---|---|
| /s/ Thomas J. Flanagan, Jr.<br>Thomas J. Flanagan, Jr.<br>Law Office of Thomas J. Flanagan, Jr.<br>969 Main Street, Suite 201<br>Walpole, MA 02081<br>(774) 219-1394<br>Tflanaganlaw@comcast.net<br>BBO# 639392<br><br>Attorney for Defendants<br><br><br>Dated: January 18, 2022 | Seema Nanda<br>Solicitor of Labor<br><br>Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Counsel for Wage & Hour<br><br>/s/ Emily V. Wilkinson<br>Emily V. Wilkinson<br>Trial Attorney<br>wilkinson.emily.v@dol.gov<br>MA BBO No. 699512<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff<br>Post Office Address:<br>JFK Federal Building—Room E-375<br>Boston, Massachusetts 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142<br><br>Dated: January 19, 2022 |

# EXHIBIT A1

**EXHIBIT A1**

| Name | BW Due | LD Due | Total |
|---|---|---|---|
| Almeida, Gustavo | $29,542.50 | $29,542.50 | $59,085.00 |
| Almeida, Jose | $5,256.10 | $5,246.10 | $10,492.20 |
| Chaves, Daniel | $2,735.75 | $2,735.75 | $5,471.50 |
| Fernandes, Evaldo | $780.00 | $780.00 | $1,560.00 |
| Pereira, Jose Jorge | $14,235.00 | $14,235.00 | $28,470.00 |
| Ribeiro, Leandro | $4,990.75 | $4,990.75 | $9,981.50 |
| Santos, Maxwell | $22,522.50 | $22,522.50 | $45,045.00 |
| Vazquez, Osman | $2,070.00 | $2,070.00 | $4,140.00 |